UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: 0:22-cv-61601-WPD

| | |
|---|---|
| ROGER ESCANO, and other similarly situated individuals,<br><br>Plaintiff(s),<br><br>v.<br><br>EXOTIC COUNTERTOP INC f/k/a EXOTIC GRANITE & STONE, CORP. d/b/a EXOTIC GRANITE & STONE, CORP., and ELLYSON MEDEIROS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ROGER ESCANO ("Plaintiff"), and Defendants, EXOTIC COUNTERTOP INC. and ELLYSON MEDEIROS ("Defendants") (collectively "the Parties"), pursuant to *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice.  The Parties' Settlement Agreement is attached as **Exhibit "A"** (the "Agreement")**.**

**I.**   **Legal Principles**

Pursuant to Eleventh Circuit case law regarding the settlement of Fair Labor Standards Act (FLSA) claims, there are two ways in which claims under FLSA can be settled and released by employees.  First, 29 U.S.C. §216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid overtime or minimum wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v.*

1

*United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA for alleged overtime or minimum wages, an employee may settle and release his or her FLSA claims against an employer if the parties present the District Court with a settlement and the Court enters an Order approving the parties' settlement. *Id*.; *see also*, *Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated has explained:

> "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's alleged overtime claims against Defendants under the FLSA. In this regard, the Parties' settlement arises out of the Complaint filed by Plaintiff on August 26, 2022 seeking the recovery of alleged overtime wages against Defendants whom he alleges were his former employers, a civil action which was adversarial in nature.

The parties' fully executed Settlement Agreement attached to this motion (**Exhibit "A"**) includes each and every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed coverage, liability, and damages issues regarding Plaintiff's claimed unpaid overtime wages and the extent of any recovery potentially available to Plaintiff. The Parties further agree that the settlement negotiated and reached by the Parties following a lengthy Mediation with an experienced labor & employment law Mediator, Neil Flaxman, reflects a reasonable compromise of the disputed issues in this case. Plaintiff and Defendants discussed (extensively) Plaintiff's alleged unpaid overtime wages, his pay rate, the applicability of defenses including enterprise coverage, hours worked, calculation of damages, whether liquidated damages could be recovered, and the applicable statute of limitations. Based on these discussions, the Parties formulated their own proposed discovery and trial strategies and settlement figures. The Parties then engaged in detailed settlement discussions based upon their independent calculations and what Plaintiff thought were reasonable, good faith estimations should the case go to trial while Defendants utilized the time cards from Plaintiff's employment to review the actual start times, stop times, and number of hours recorded worked by Plaintiff. Ultimately, the Parties voluntarily agreed to the terms of their settlement at the conclusion of their negotiations and Counsel for Plaintiff jointly prepared the parties' Settlement Agreement with Defendants' Counsel.

When determining whether a settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

See *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at

3

*2-3, (M.D. Fla. Jan. 8, 2007).  Notably, Courts are to be mindful of the strong presumption in favor of finding a settlement fair.  *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).  *See also*, *Mason v. Wyndham Vacation Ownership, Inc.*, No. 6:10-cv-1805-Orl-35GJK, 2012 U.S. Dist. LEXIS 21759, at *3-4 (M.D. Fla. Feb. 17, 2012).

## II.     Factual Summary and Terms of the Parties' Settlement

This case involved a claim for unpaid overtime wages.  More specifically, Plaintiff alleged he regularly worked in excess of Forty (40) hours per week for Defendants without being paid time and one-half wages for his overtime hours.  More specifically, as set forth in the Complaint, Plaintiff alleged that between late August 2019 and early July 2022, Plaintiff performed non-exempt duties in Defendants' countertop business and regularly worked as many as Sixty-Five (65) to Seventy (70) hours per week while being paid based upon a rate of $22.00 per hour for all of his hours worked for Defendants.  *See* Compl. ¶¶ 10, 12.   However, Defendants maintained that there is no enterprise coverage of EXOTIC COUNTERTOP INC. or individual coverage of Plaintiff personally because his work was local work within South Florida and that Plaintiff did not work the extent of the hours he claimed in the Complaint.  Significantly, Defendants provided Plaintiff with Defendants' confidential tax returns which reflected that Defendants' small business had annual gross revenues in 2019 of less than $375,000, in 2020 of less than $405,000, and in 2021 of less than $450,000.  Further, while Defendants' 2022 tax return has not yet been prepared, even assuming *arguendo* that Plaintiff could establish enterprise coverage for the 2022 calendar year—during which Plaintiff was employed solely between January 2022 and June 2022—Defendants also produced all of Plaintiff's time cards containing electronic time stamps of each of the actual start times and stop times of Plaintiff's hours worked which reflected the precise number of hours Plaintiff worked every day and the total number of hours Plaintiff worked each work week.

The Parties had in depth discussions about Plaintiff's alleged overtime calculations and the Parties exchanged detailed information concerning Plaintiff's pay, hours worked, vacation time, and time records.  To this end, in light of the absence of coverage during the years 2019, 2020, and 2021, the Parties agreed that there were a total of Twenty-Four (24) work weeks that Plaintiff worked during 2022 and Defendants' time records reflected a total of 550.08 overtime hours worked by Plaintiff during those 24 weeks, such that Plaintiff's maximum recovery of overtime wages at the half-time rate of $11.00 per hour would have been $6,050.88.

Next, Defendants also asserted that no willful violations of the Fair Labor Standards Act occurred in this case and liquidated damages should therefore would not be recoverable by Plaintiff since 2022 was the first year that Defendants could potentially be subject to the FLSA's overtime compensation provisions. Given the Parties' respective positions on the disputed factual and legal issues in this case, the Parties agree that they would incur significant expense in litigating these issues through summary judgment and trial.  In light of both the costs and risks of continued litigation, as well as the possibility of Plaintiff obtaining no additional recovery, while Defendants continue to deny that they violated the law in this case, the Parties agreed upon a compromise at Mediation that they submit is fair and reasonable under the teachings of *Lynn's Food Stores*, under which Defendants have agreed to pay Plaintiff the amount of $6,050.88 as consideration for alleged overtime wages along with the additional sum of $3,949.12 as consideration for alleged liquidated and any other damages.

In addition to the consideration to be paid by Defendants to Plaintiff for his underlying FLSA claims, Defendants have also agreed to pay $8,753.00 to Saenz & Anderson, PLLC to resolve Plaintiff's claims for attorneys' fees, plus $747.00 for costs, which amounts were negotiated separate from the consideration being paid to resolve Plaintiff's underlying FLSA claims.  As

numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. *See, e.g.*, *Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1227-1228 (M.D. Fla. 2009). Here, while Plaintiff's attorneys' fee time in this case totaled $9,976.25as set forth in Saenz & Anderson, PLLC's billing records attached as "Exhibit B" from 21.95 hours of Plaintiff's Counsel, Julisse Jimenez, Esquire, and Martin Saenz, Esq. at the rate of $400.00/hour [21.95 hours x $400/hour = $8,780.00], and paralegal time at $75.00/hour [15.95 hours x $75/hour = $1,196.25], for a total of $9,976.25 (however, Plaintiff's counsel reduced the attorney's fees amount to $8,753.00 agreed to in the Parties' Settlement Agreement in order to facilitate the resolution of the case) ; and actual costs were incurred in the amount of $747.00 from the filing fee and service of process, the compromise to resolve Plaintiff's attorneys' fee claim ensures Plaintiff has no out-of-pocket expense for either fees or costs, which resolution is also fair and reasonable consistent with *Lynn's Food Stores*.

In addition, Counsel for Plaintiff further represents to the Court that the amount to be paid to Saenz & Anderson, PLLC for attorney's fees and costs in this case is fair and reasonable, and that Plaintiff accepts this payment in full satisfaction of the attorney's fees and costs incurred on Plaintiff's behalf, which insures that Plaintiff will pay nothing out of pocket responsibility for any fees or costs.

The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the Settlement Agreement between the Parties and dismiss the instant action with prejudice. A copy of a proposed Order granting the instant motion is attached hereto as **Exhibit "C"**.

Respectfully submitted this 26th day of January 2023.

| | |
|---|---|
| **/s/ Julisse Jiménez** | **/s/ Keith M. Stern** |
| Julisse Jiménez, Esquire | Keith M. Stern, Esquire |
| Fla. Bar No.: 65387 | Florida Bar No. 321000 |
| Email: julisse@saenzanderson.com | E-mail: employlaw@keithstern.com |
| SAENZ & ANDERSON, PLLC | LAW OFFICE OF KEITH M. STERN, P.A. |
| 20900 NE 30th Avenue, Ste. 800 | 80 S.W. 8th Street, Suite 2000 |
| Aventura, Florida 33180 | Miami, Florida 33130 |
| Telephone: (305) 503-5131 | Telephone: (305) 901-1379 |
| Facsimile: (888) 270-5549 | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |